## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### 9:14-CV-80783-RLR

LA PAZ AT BOCA POINTE PHASE II
CONDOMINIUM ASSOCIATION, INC.,

        Appellant,

v.

SUYAPA CHRISTINA BANDY,

        Appellee.

_____/

Bankruptcy Case No:
13-40398-EPK

### OPINION AND ORDER

This matter is before the Court upon Appellant's Initial Brief [DE 6] which appeals the Bankruptcy Court's Order Granting Motion to Value and Determine Secured Status of Lien on Real Property Held by La Paz at Boca Pointe Phase II Condominium Association, Inc. The Court has considered Appellant's Initial Brief, Appellee's Answer Brief, Appellant's Reply Brief, and the record in this case. The Court heard oral argument on December 4, 2014. For the reasons set forth below, the Court reverses the Bankruptcy Court's Order.

### I.    BACKGROUND

On December 27, 2013, Appellee-Debtor filed a voluntary petition for bankruptcy under Chapter 7 of the Bankruptcy Code. Bankruptcy Case 13-40398 at DE 1. Because Appellee's bankruptcy petition resulted in a stay of a pending foreclosure sale, on January 20, 2014, Appellant-Creditor filed a Motion for Relief from Automatic Stay. *See id.* at DE 12-4, DE 12. The Motion alleged, *inter alia*, that Appellee owned a certain condominium (the real property at issue in this case) and that Appellant held liens secured by the condominium. *Id.* at DE 12, 12-3.

1

Appellee responded to the Motion by filing a Motion to Value and Determine Secured Status of Lien of La Paz at Boca Pointe Phase II Condominium Association, Inc. on Real Property. *Id.* at DE 14. Both Motions were set for a hearing on February 13, 2014. On January 29, 2014, the bankruptcy trustee filed a notice of abandonment that indicated the real property at issue had been abandoned and was no longer part of the bankruptcy estate. *See id.* at DE 23. The hearing on both Motions was ultimately continued until April 3, 2014 and the Bankruptcy Court found that (i) the abandonment of the real property by the trustee had no impact on the court's jurisdiction and (ii) because Appellant's liens were unsecured (due to the value of the real property in relationship to the primary and secondary liens on the property), Appellant's liens would become void at the time of Appellee's discharge—April 7, 2014. *Id.* at DE 33, 35; DE 3. Presently before the Court is Appellant's appeal of the order voiding Appellant's liens.

## II.   STANDARD OF REVIEW AND JURISDICTION

Under Federal Rule of Bankruptcy Procedure 8013, a district court reviews the factual findings of a bankruptcy court for clear error. As for conclusions of law and application of law to the facts of a case, a district court conducts a *de novo* review. *In re Feingold*, 730 F.3d 1268, 1272 n.2 (11th Cir. 2013). District court appellate jurisdiction extends to final orders from bankruptcy courts. 28 U.S.C. § 158(a)(1).

## III.   DISCUSSION

Appellant raises two issues on appeal. The first is whether the Bankruptcy Court had jurisdiction over the real property at issue in this case after the real property had been abandoned. The second is whether the Bankruptcy Court erred by voiding ("stripping off") Appellant's liens subsequent to the aforementioned abandonment. Because both issues on appeal turn on the jurisdiction of the Bankruptcy Court in the context of a trustee's abandonment of property, the

2

Court focuses its analysis on this issue.

Appellant argues that the Bankruptcy Court lacked jurisdiction over the real property at issue in this case because, prior to entering the order on appeal, the bankruptcy trustee abandoned the real property. Pursuant to United States Bankruptcy Court for the Southern District of Florida Local Rule 6007-01, property may be abandoned by a bankruptcy trustee if the trustee determines that the property has no value to the bankruptcy estate. The trustee must file a report indicating the property has been abandoned and interested parties have a period of fourteen days to file objections to the abandonment. *Id.* Upon abandonment, "property [is removed] from the bankruptcy estate and [property is returned] to the debtor as though no bankruptcy occurred." *In re Pilz Compact Disc, Inc.*, 229 B.R. 630, 638 (Bankr. E.D. Pa. 1999). Accordingly, abandonment removes property from the jurisdiction of the bankruptcy court. *Sherrell v. Fleet Bank of N.Y.*, 205 B.R. 20, 22 (Bankr. N.D.N.Y. 1997).

Property not administered by a bankruptcy court at the close of a case automatically becomes abandoned property, which is a common result for property that is exempt from administration by a bankruptcy estate. 11 U.S.C. § 554(c). Here, the bankruptcy trustee filed a notice of abandonment on the real property at issue on January 29, 2014. Bankruptcy Case 13-40398 at DE 23. No objections were filed in opposition to the notice of abandonment. The order on appeal was entered on April 9, 2014. DE 1. Due to the lapse of time between the abandonment of the real property and the Bankruptcy Court's order, Appellant argues the Bankruptcy Court had no jurisdiction over the real property.

The Bankruptcy Court held a hearing on April 3, 2014 on the order presently on appeal. At the hearing, the Bankruptcy Court was made aware of the fact that, prior to the hearing, the property at issue had been abandoned by the trustee. The Bankruptcy Court's decision that it did

3

have jurisdiction over the real property appears to be based upon the following: (i) the abandoned property at issue was exempt property and therefore was destined for abandonment at the close of the bankruptcy proceedings and (ii) binding Eleventh Circuit case law holds that a bankruptcy court does have jurisdiction to strip liens from abandoned property:

> The Court: Here I think it was a little bit of a red herring on the abandonment, because the property was already exempt, so why was the trustee filing a notice, this is a general notice of abandonment, correct?
>
> Counsel for Debtor: And then he listed that property within the general notice.
>
> The Court: Well, why?
>
> Counsel for Debtor: I don't know.
>
> The Court: That's very interesting. And the debtor has claimed the property exempt from the beginning.
>
> Counsel for Debtor: I notice –
>
> The Court: It's in the original Schedule C.
>
> Counsel for Debtor: – and immediately abandons for very good reasons, but any liability that could come up towards the estate is why they want to abandon. So if there's ever a question –
>
> The Court: I guess just to make it really clear, and if the debtor were to amend Schedule C, the property remains abandoned, perhaps that's the rationale behind it. I hadn't given much thought to it. But it seems to me that [it is] possible to value.
>
> . . .
>
> The Court: It's not an easy issue, but I would say that given what the—how the Eleventh Circuit has ruled, my view is that it is possible to do a lien strip even if the property has been technically removed from the potential for administration through abandonment or exemption. And because I can find no distinction between those two, I need to follow *McNeal*,[1] which is now binding as a result of publication. And that means the debtor's valuation motion is due to be granted. . .

---

[1] *McNeal* is discussed more fully, *infra*.

4

DE 3 at 9-10, 11.[2]

With respect to the Bankruptcy Court's first position, which essentially treated non-exempt abandoned property differently than exempt abandoned property, the Bankruptcy Court provided no express authority for its position. Appellee has likewise provided no authority for this proposition. The Court's own research suggests otherwise—that exempt property can be abandoned. *See In re Shelby*, 232 B.R. 746, 750-52 (Bankr. W.D. Miss. 1999) (engaging in an analysis of whether exempt property was abandoned by the bankruptcy trustee).

With respect to the Bankruptcy Court's second position, that Eleventh Circuit precedent allows for liens to be stripped from abandoned property,[3] the Court disagrees. One case is directly on point with the facts of the instant case. In *In re Dewsnup*, the Tenth Circuit Court of Appeals squarely considered the question of (i) whether abandoned property is removed from the jurisdiction of the bankruptcy court and (ii) whether such removal precludes the stripping of any liens from the property:

> [W]e begin by recognizing, as the bankruptcy court did, that the trustee abandoned this property pursuant to section 554 of the Code. That section allows abandonment of property that "is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a). Property abandoned under this section ceases to be part of the estate. *See* H.R. Rep. No. 95–595, 95th Cong., 1st Sess. 5, *reprinted in* 1978 U.S. Code Cong. & Admin. News at 6299. ("Property ceases to be property of the estate, such as by sale, abandonment, or exemption."). It reverts to the debtor and stands as if no bankruptcy petition was filed. *See Brown v. O'Keefe,* 300 U.S. 598, 602, 57 S. Ct.

---

[2] The Court considers the transcript of the Bankruptcy Court's decision on this matter because the Bankruptcy Court indicated at the hearing that (i) the court would not issue a detailed written opinion, (ii) counsel should prepare a written order, and (iii) the written order was supposed to state that it was granting Appellee's motion for the reasons set forth in the record. DE 3 at 16-17. It appears, however, that the written order failed to include a statement that it was granting Appellee's motion for the reasons set forth in the record. In an abundance of caution, the Court considers the Bankruptcy Court's reasoning at the hearing on this matter in accordance with the directives of the Court at that hearing.

[3] The Bankruptcy Court's conclusion on this matter appears to be based upon the premise that, for the purpose of lien stripping, there is no distinction (applied to the facts of this case) between abandoned property and exempt property. DE 3 at 9-10, 11.

543, 546, 81 L.Ed. 827 (1937); *Wallace v. Lawrence Warehouse Co.,* 338 F.2d 392, 394 n.1 (9th Cir.1964); *Dewsnup,* 87 B.R. at 681. Following abandonment, "whoever had the possessory right to the property at the filing of bankruptcy again reacquires that right." *Dewsnup,* 87 B.R. at 681. Abandoned property is *not* property administered by the estate. Recognition of this principle is essential in considering whether debtors may void these liens.

Pursuant to the plain language of section 506(a), an allowed claim of a creditor is one in *which the estate has an interest.* It is "a secured claim to the extent of the value of such creditor's interest *in the estate's interest* in such property...." Here, debtors argue that because an allowed secured claim is limited to the value of the collateral under 506(a), they may completely redeem the property and retain possession by paying creditors the property's fair market value.

This analysis overlooks the fundamental premise of the language contained in this section. In order to apply section 506(a), the estate must have an interest in the property. The estate has no interest in, and does not administer, abandoned property. In *In re Maitland,* the court stated:

> The difficulty this section presents is that § 506(a) seems limited in its application to "property in which the estate has an interest," and it is clear that if the property never has been property of the estate or if property has been abandoned by the trustee as an asset of the estate, the estate does not have an interest which would allow for a § 506(a) determination.

61 B.R. 130, 132–33 (Bankr. E.D. Va. 1986). Consequently, debtors cannot void these liens.

*In re Dewsnup,* 908 F.2d at 590-91.

The Third Circuit Court of Appeals came to the opposite conclusion and found that liens *could* be stripped, and that the bankruptcy court did *not* lose jurisdiction, when property is abandoned. *See Gaglia v. First Fed. Sav. & Loan Ass'n,* 889 F.2d 1304, 1306-11 (3d Cir. 1989). The United States Supreme Court granted certiorari to resolve the circuit conflict. Unfortunately, despite the extensive discussion in the Tenth Circuit's opinion on the issue of jurisdiction post-abandonment, the Supreme Court's decision omitted any discussion on the topic. *Dewsnup v. Timm,* 502 U.S. 410 (1992). Instead, the Supreme Court's decision focused on another issue and

ultimately held that the "strip down" of a lien, the act of reducing a partially secured lien to an amount commiserate with the value of the secured asset, was impermissible under the Bankruptcy Code. *Id.* at 419-20.  The majority's decision to remain silent on the jurisdictional issues raised by the Tenth Circuit Court of Appeals was remarked upon and criticized in a dissent by Justice Scalia and Justice Souter. *Id.* at 420-36 (Scalia, J., dissenting).  The Supreme Court's silence has been criticized by other commentators as well.  *E.g.,* Margaret Howard, *Dewsnupping the Bankruptcy* Code, 1. J. Bankr. L. & Prac. 513 (1992).  Nonetheless, the Tenth Circuit's decision, which was partially premised upon jurisdictional grounds, was affirmed by the Supreme Court. *Dewsnup,* 502 U.S. at 419-20.

Subsequent to the Supreme Court's *Dewsnup* decision, the Eleventh Circuit held in *McNeal v. GMAC Mortgage, LLC* that while the Supreme Court's decision precluded a bankruptcy court from stripping *down* a partially secured lien, the Supreme Court's decision did *not* preclude a bankruptcy court from stripping *off* a *completely* unsecured lien. 735. F.3d 1263, 1265-66 (11th Cir. 2012) (relying upon *Folendore v. U.S. Small Bus. Admin.*, 862 F.2d 1537 (11th Cir. 1989)).  With respect to the instant case, the Bankruptcy Court relied upon *McNeal* for the proposition that an unsecured lien on abandoned property could be stripped off.

After reviewing the Eleventh Circuit's decision in *McNeal*, the Court finds that the Bankruptcy Court's application of that case was in error.  *McNeal* did not address abandonment and it did not address jurisdiction in the context of abandonment.  In the event property remains within the jurisdiction of a bankruptcy court in the Eleventh Circuit, *McNeal* is certainly binding authority that stands for the proposition that unsecured liens may be stripped off.  With respect to jurisdiction and abandoned property, however, the Court finds that *Dewsnup*—not *McNeal*—controls.  Although the Supreme Court's decision in *Dewsnup* decision is silent on the issue of

7

abandonment, it nonetheless affirmed the Tenth Circuit's decision which in turn clearly held that abandonment removes property, for the purposes of lien stripping, from the jurisdiction of the bankruptcy court.   Alternatively, even if the Supreme Court decision in *Dewsnup* is not controlling, due to the Supreme Court's silence on the abandonment issue, the Court still finds, in the alternative, that the Tenth Circuit's decision in *In re Dewsnup* is persuasive authority and that *McNeal* is distinguishable from the instant case.   In summary, in light of the Tenth Circuit's holding in *In re Dewsnup*, the Supreme Court's affirmance of that decision, and *McNeal*'s silence on the issue of abandonment, the Court finds that the Bankruptcy Court had no jurisdiction to enter the order on appeal.

## IV.   CONCLUSION

For the reasons set forth above, Appellant's appeal is **GRANTED**, the decision below is **REVERSED**, and the Bankruptcy Court's Order Granting Motion to Value and Determine Secured Status of Lien on Real Property Held by La Paz at Boca Pointe Phase II Condominium Association, Inc is **VACATED**.   This matter is **REMANDED** to the Bankruptcy Court for further proceedings consistent with this opinion.   All pending motions are **DENIED AS MOOT** and the Clerk of the Court is directed to **CLOSE THIS CASE**.

**DONE and ORDERED** in Chambers, Fort Pierce, Florida, this 5th day of December, 2014.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record